# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| DAMON BAWGUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **Case No.:** |
| | ) |
| KOHL'S DEPARTMENT STORES, INC., | ) **Jury Trial Demanded** |
| | ) |
| Defendant. | ) |

## COMPLAINT

DAMON BAWGUS ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against KOHL'S DEPARTMENT STORES, INC, ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.* ("TCPA,").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of New Jersey and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Johnson City, TN 37601.

- 1 -

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with its principal place of business located at N56 West, 17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that he has had for over a year.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in and around September 2015 and continuing through October 2015, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

13. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff knew Defendant was utilizing an automatic telephone dialing system as each call began with a delay prior to a representative speaking with Plaintiff.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Although Plaintiff has an account with Defendant, in early September 2015, Plaintiff revoked any consent previously given to Defendant to place telephone calls to his cellular telephone number.

17. Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling his cellular telephone number.

18. Despite the above, Defendant persisted in calling Plaintiff on his cellular telephone, prompting Plaintiff to advise Defendant on several more occasions to cease calls to his cellular telephone.

**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

19. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

21. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

22. Defendant's calls to Plaintiff were not made for emergency purposes.

23. Defendant's calls to Plaintiff after early September 2015 were not made with Plaintiff's prior express consent.

24. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, DAMON BAWGUS, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DAMON BAWGUS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: October 23, 2015    KIMMEL & SILVERMAN, P.C.
By: /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg
BPR # 28563
KIMMEL & SILVERMAN, P.C
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com
Attorney for Plaintiff